B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT — District of Maryland | PROOF OF CLAIM |
|---|---|
| **Name of Debtor:** George T. Moran, Inc. | **Case Number:** 10-18337-RAG |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| **Name of Creditor** (the person or other entity to whom the debtor owes money or property): Nationwide Mutual Insurance Company | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| **Name and address where notices should be sent:** Robin D. Korte, Esq. and Mark F. Scurti, Esq., HODES, PESSIN & KATZ, P.A., 901 Dulaney Valley Road, Suite 400, Towson, Maryland 21204 | **Court Claim Number:**_____ (*If known*) |
| Telephone number: (410) 938-8800 | Filed on:_____ |
| **Name and address where payment should be sent (if different from above):** Quintin F. Lindsmith, Esq. BRICKER & ECKLER, LLP, 100 S. Third Street, Columbus, Ohio 43215 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Telephone number: (614) 227-2300 | ☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:** $ Unliquidated in an amount not less than $2,000,000.

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Claims in tort
(See instruction #2 on reverse side.)   (See Exhibit A)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property:** $_____   **Annual Interest Rate** ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| GEORGE T. MORAN, INC. | * | Case No.: 10-18337-RAG |
| Debtor. | * | (Chapter 11) |

* * * * * * * * * * * * * *

### EXHIBIT A TO PROOF OF UNLIQUIDATED CLAIM OF CREDITOR NATIONWIDE MUTUAL INSURANCE COMPANY

The basis for creditor Nationwide Mutual Insurance Company's ("Nationwide") unliquidated claim is set forth specifically in Nationwide's Verified Amended Complaint against debtor George T. Moran, Inc. and related defendants in pending litigation in the U.S. District Court for the Southern District of Ohio, Eastern Division, styled *Nationwide Mutual Insurance Co. v. B. Diane Tamariz-Wallace, et al.*, Case No. C-2-08-1148 (a copy of the Amended Complaint is attached hereto and provides the specific facts in support of this Unliquidated Claim) (the "Complaint").

In summary, Nationwide is a large, national insurer. B. Diane Tamariz-Wallace ("Tamariz") was an insurance agent for Nationwide for almost twenty (20) years. During most of those 20 years, Tamariz was an independent contractor agent who owned and operated her own insurance agency, Tamariz & Associates.[1] Tamariz is the sole shareholder of Tamariz & Associates.

In May 2005, Tamariz purchased George T. Moran, Inc. to expand her insurance business. Since 2005, Tamariz has operated George T. Moran, Inc. under the name Moran Insurance Services. Tamariz paid $3 million for George T. Moran, Inc., substantially all of

---

[1] The facts set forth herein are verified in Plaintiff's Amended Verified Complaint.

3942068v1

which was funded by a loan from Nationwide's affiliate, Nationwide Bank. The expectation of the parties was that Nationwide Bank would finance Tamariz's purchase of George T. Moran, Inc. in order to allow Tamariz to expand her insurance business and provide her an additional outlet to sell Nationwide insurance products.

Tamariz subsequently defaulted on the acquisition loan. Nationwide Bank thereafter assigned the loan to Nationwide. Nationwide is now the owner and holder of the loan with the full rights to enforce the terms of the loan.

During the parties' business relationship, Tamariz & Associates entered into a Corporate Agency Agreement with Nationwide, which provided that Tamariz & Associates was to represent Nationwide exclusively in the sale and servicing of insurance. Under the Corporate Agency Agreement, Tamariz & Associates was prohibited from selling insurance for other carriers. Tamariz guaranteed the performance of Tamariz & Associates under the Corporate Agency Agreement.

Likewise, Moran Insurance Services entered into a Corporate Associate Agent Agreement with Nationwide, which provided that Moran Insurance Services would act as an associate insurance agency under the appointment of Tamariz & Associates. The terms of the Corporate Associate Agent Agreement expressly made the terms of the Corporate Agency Agreement applicable to Moran Insurance Services. The purpose of the Associate Agent Agreement was to allow Moran Insurance Services to act as an associate agent of Tamariz & Associates for the purpose of writing Nationwide business.

In or around the fall of 2008, Nationwide learned that Defendants were actively violating the terms of the Corporate Agency Agreement and Corporate Associate Agent Agreement by selling, attempting to sell, and soliciting insurance business for carriers other than Nationwide.

3942068v1

Ms. Tamariz-Wallace, while still an agent of Nationwide, was directing policyholders and prospective customers away from Nationwide and to insurance companies written by George T. Moran, Inc. That is, as the owner and a director of George T. Moran, Inc., Ms. Tamariz-Wallace was using confidential and proprietary policyholder information that belonged to Nationwide to attract customers away from Nationwide to other insurance carriers serviced by George T. Moran, Inc. Such conduct was not only in violation of the trade secret laws, but was also in tortious interference by this Debtor in the contractual relationships between Nationwide and its policyholders. As a result of these activities, Nationwide cancelled the Corporate Agency Agreement and Corporate Associate Agent Agreement on November 3, 2008.

Accordingly, Nationwide is entitled to a claim estimated in the amount of **$2 Million**, including but not limited to compensatory and punitive damages, plus default pre and post petition interest accruing at a rate equal to the prime rate plus five percent per annum, and other related costs.

3942068v1

Case 1:09-cv-00667-JFM   Document 78-4   Filed 01/21/16   Page 5 of 5
Case 10-18337   Claim 14-1 Part 3   Filed 08/17/10   Page 1 of 44
Case 2:08-cv-01148-EAS-MRA   Document 11   Filed 12/04/2008   Page 1 of 24

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO. | : | |
| Plaintiff, | : | Case No. C-2-08-1148 |
| v. | : | JUDGE SARGUS |
| B. DIANE TAMARIZ-WALLACE, et al., | : | Magistrate Judge Abel |
| Defendants. | : | |

**VERIFIED AMENDED COMPLAINT
WITH JURY DEMAND ENDORSED HEREON**

Now comes Nationwide Mutual Insurance Company, by and through counsel, and for its amended complaint against B. Diane Tamariz-Wallace, Diane Tamariz & Associates, P.A., George T. Moran, Inc., and Moran Insurance Services, Inc. (collectively "Defendants") hereby states as follows:

I.   **PERSONAL JURISDICTION AND VENUE**

1. This Court has personal jurisdiction over Defendants because Defendants have transacted business in Ohio, caused tortious injury in Ohio, and entered into the agreements that are the subject of this action in Ohio.

2. Venue is proper in this district because the case was removed from the Franklin County Common Pleas Court, as set forth in 28 U.S.C. § 1441(e).

II.   **THE PARTIES**

3. Nationwide Mutual Insurance Company ("Nationwide") is a corporation duly created and organized under the laws of the State of Ohio.

4. Defendant B. Diane Tamariz-Wallace ("Tamariz") is a resident of the State of Maryland, and at all material times herein has been the sole or majority shareholder of

2843323v3