# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONWIDE MUTUAL INSURANCE CO., :
                                                       :
              Plaintiff,                 :       Case No. 1:09-cv-667
                                                       :
v.                                                      :
                                                       :
B. DIANE TAMARIZ-WALLACE, et al.,   :
                                                      :
            Defendants.              :

## PLAINTIFF NATIONWIDE MUTUAL INSURANCE COMPANY'S SURREPLY MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO LIFT STAY

**1. Tamariz-Wallace Misrepresents To The Court That She Is The *Defendant* In This Action; Not The Plaintiff.**

Movant maintains that she is the Plaintiff in the above-captioned matter and accuses Nationwide of misrepresenting otherwise. In doing so, she plainly ignores a "Joint Stipulation and Order Realigning the Parties and Claims, . . ." which her counsel signed and which was entered by the Court on October 19, 2009. (Doc. 47.) In that Stipulation and Order, Ms. Tamariz-Wallace stipulated in part:

> "It is agreed and ordered that the parties in this consolidated case shall be realigned as follows: ***Nationwide*** Mutual Insurance Company ***shall be Plaintiff***; B. Diane ***Tamariz-Wallace***, Diane Tamariz & Associates, P.A., and Moran Insurance Services, Inc. ***shall be Defendants/Counterclaimants***; and Nationwide Bank shall be an additional Counterclaim-Defendant." Id. (Emphasis added.)

Thereafter, the filings and orders of the Court consistently reflected Nationwide as the Plaintiff and Ms. Tamariz-Wallace as the Defendant. Indeed, the very orders which administratively closed both of the consolidated cases each reflected captions showing Nationwide as the Plaintiff and Ms. Tamariz-Wallace as the Defendant, including the case Movant seeks to re-open. (See Doc. 75.)

Ms. Tamariz-Wallace asserts that she only seeks to reopen Civil Action No. 09-667 and asserts "Nationwide is a Defendant – not a Plaintiff – in Civil No. 09-0667." But the very order administratively closing that case reflects a caption showing Nationwide as the Plaintiff and Ms. Tamariz-Wallace as the Defendant, consistent with the earlier Stipulation and Order Realigning the Parties. (Doc. 75.)

With a caption showing Ms. Tamariz-Wallace as the Defendant, the Court correctly stated in its order that "***Defendant(s)*** have filed bankruptcy proceedings in which an automatic stay has been issued, . . .." (Emphasis added.) Nationwide did not file for bankruptcy; Ms. Tamariz-Wallace filed for bankruptcy.

So, it could not be more clear that where the Court then granted "the right of Plaintiff(s) to move to reopen this action for good cause shown," that right could only have been granted to Nationwide, which was the Plaintiff shown in the caption of the order. This is important for the reasons discussed in Nationwide's Response to the Motion to Lift Stay.

As such, there was no misrepresentation by Nationwide to this Court, as asserted by Movant. (Doc. 80, p. 2.)

2. **Tamariz-Wallace Omits That This Court Closed The Consolidated Cases On May 25, 2010 and May 28, 2010, Thus Requiring The Trustee To Re-File The Claims Within The Statutory Deadline.**

The other item Nationwide seeks to briefly address is the apparent intentional omission from Movant's reply memorandum that shortly after both bankruptcy petitions were filed, this Court administratively closed both consolidated cases so that by May 25 and May 28, 2010, there were no pending actions against Nationwide. The Trustee then had an obligation to refile the actions within the bankruptcy statute of limitations governing his ownership of those claims. That is, once this Court administratively closed both consolidated cases, the claims belonged to the Trustee. It was the Trustee's job to recommence those actions within his statutory deadlines. He never did.

Nationwide is not disputing that upon the closing of the bankruptcy cases, whatever claims Ms. Tamariz-Wallace had against Nationwide reverted to her. But they reverted to her in the condition they were left in by the Trustee. The condition of those claims was that they were barred by the applicable statute of limitations.

### 3. Nationwide Stands On The Remainder Of Its Response.

Finally, by seeking to address the foregoing issues in a surreply memorandum, Nationwide is not suggesting any concession as to the other issues set forth in Nationwide's response to the motion to lift stay. Nationwide is comfortable with the arguments it has made as to *res judicata* and waiver and that those issues have now been fully briefed by the parties and require no further discussion.

WHEREFORE, for the foregoing reasons, Nationwide respectfully requests the Court deny Defendant Tamariz-Wallace's Motion to Lift Stay.

Respectfully submitted,

/s/ *Patricia McHugh Lambert*
Quintin F. Lindsmith (Ohio 0018327)
James P. Schuck (Ohio 0072356)
(*Admitted Pro Hac Vice*)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4291
(614) 227-2300
(614) 227-2390 (facsimile)
qlindsmith@bricker.com
jschuck@bricker.com
ssheely@bricker.com

Patricia McHugh Lambert (02539)
PESSIN & KATZ, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204
(410) 339-6759
(410) 832-5628 (facsimile)
plambert@pklegal.com

*Counsel for Plaintiff*
*Nationwide Mutual Insurance Company*

## CERTIFICATE OF SERVICE

The foregoing document was filed and served this 29th day of February, 2016, upon counsel of record via the Court's electronic filing and notification system. Copies of this document and all attachments and exhibits may be accessed through the Court's electronic filing system.

/s/ *Patricia McHugh Lambert*
Patricia McHugh Lambert