# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO. | * | |
| v. | * | Civil No. JFM-09-667 |
| B. DIANE TAMARIZ-WALLACE, et. al., | * | |

## MEMORANDUM

B. Diane Tamariz-Wallace has filed a motion to lift the stay that has been entered in this case. The motion will be denied.

In March 2009, Tamariz-Wallace asserted claims against Nationwide Mutual Insurance Company for breach of contract, fraud, invasion of privacy, and defamation arising out of a failed insurance agency relationship. Around the same time, in the Southern District of Ohio, Nationwide asserted claims against Tamariz-Wallace relating to the same failed relationship. After Nationwide's case was transferred from the Southern District of Ohio, this Court consolidated the two cases, and by consent of the parties, realigned the litigants so that Nationwide was the plaintiff and counter defendant and Tamariz-Wallace was the defendant and counter claimant. (ECF No. 48). While discovery was ongoing, Tamariz-Wallace and the insurance agency at issue, George T. Moran, Inc. ("Moran Inc."), filed separately for bankruptcy. Tamariz-Wallace entered a notice of stay pursuant to 11 U.S.C. § 362(a) with this Court, and I administratively closed the case "without prejudice to the right of plaintiff(s) to move to reopen . . . for good cause shown." (ECF Nos. 74, 75).

In both Tamariz-Wallace's Chapter 7 bankruptcy and Moran Inc.'s Chapter 11 bankruptcy, Nationwide filed a proof of claim under 11 U.S.C. § 501(a) related to its prior federal case. There was no objection to Nationwide's claims in either bankruptcy, and

Nationwide's full $2 million claim was approved in the Moran Inc. bankruptcy, with Nationwide receiving $60,875.13 of the claim. (*See* ECF No. 78, Ex. E). Both bankruptcies have since closed, and now Tamariz-Wallace seeks to revive her counterclaims against Nationwide.[1]

Nationwide argues that because Tamariz-Wallace's and the insurance agency's bankruptcies have been resolved, and Tamariz-Wallace and the bankruptcy trustees failed to assert the claims she attempts to revive, her claims are now barred by the doctrine of *res judicata*.

In *County Fuel Co. v. Equitable Bank Corp.*, 832 F.2d 290, 292 (4th Cir. 1987), the Fourth Circuit stated that "the better and decidedly majority view is that the failure to interpose . . . an available 'counterclaim' does not, as a matter of res judicata, bar its subsequent assertion as an independent claim for relief." Although this statement was not a holding, it appears from a full reading of the Court's opinion that the court was ruling that the doctrine of *res judicata* does not apply where no objection is made (and no counterclaim is filed) in a bankruptcy proceeding to a claim asserted by the creditor. The Fourth Circuit's language was, however, somewhat opaque, and other Circuits have since held to the contrary. *See, e.g., EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 625-26 (2d Cir. 2007) *Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 528-31 (9th Cir. 1998); *Matter of Baudoin*, 981 F.2d 736, 741-43 (5th Cir. 1993).

It is also noteworthy that in *County Fuel* the court found that "the interests of repose and integrity" are important in the bankruptcy context and that plaintiff (who was the debtor in the bankruptcy proceeding) waived its right to assert claims that it or its trustee could have asserted in the bankruptcy proceeding. In that respect *County Fuel* is distinguishable from the present

---

[1] Nationwide has also filed a motion for leave to file a surreply (ECF No. 81), which I grant.

case in that the plaintiff there had not asserted, as did Tamariz-Wallce in her counterclaim, its claim prior to the bankruptcy proceeding. That, however, is a distinction without a difference. Indeed, to the extent that the claim was preexisting, it is reasonable to infer that the debtor or the trustees would have pursued the claim, if it were deemed to be meritorious.

Under these circumstances I do not believe that *County Fuel* requires me to reopen this case and litigate a claim that has become quite stale. Further, it is not at all clear to me that Tamariz-Wallace has any standing to move to reopen. The order entered by this court administratively closing the case provided only that "plaintiff(s)" could move to reopen it, and Tamariz-Wallace was a defendant in this action. Although I subsequently indicated that I would consider a motion to reopen once Tamariz-Wallace assembled her litigation team, I did not state that I would grant the motion. Moreover, Tamariz-Wallace not only did not file a contemporaneous objection to the entry of the order closing this case, she filed the motion for the order herself. Therefore, it might be reasonably inferred that she herself believed that she should pursue any claim that she had against Nationwide in the bankruptcy proceeding itself.

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: 3/9/16

/s/
J. Frederick Motz
United States District Judge

2016 MAR -9 PM 4:25
CLERK'S OFFICE
AT BALTIMORE
U.S. DISTRICT COURT
FILED